Charles K. Manock #163133
Ryan L. Eddings #256519

**BAKER MANOCK & JENSEN, PC**
Fig Garden Financial Center
5260 North Palm Avenue, Fourth Floor
Fresno, California 93704-2209
Telephone (559) 432-5400
Telecopier (559) 432-5620

Attorneys for Plaintiff CROWN JEWELS OF NEW ENGLAND LLC, and JEWEL MARKETING & AGRIBUSINESS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN JEWELS OF NEW ENGLAND, LLC, a California Limited Liability Company, <br><br> Plaintiff(s), <br><br> v. <br><br> PETER LOMANNO and DOES 1-10, inclusive <br><br> Defendant(s). | Case No. 1:08-cv-00556-OWW-SMS <br><br> **STIPULATION AND ORDER** |

Pursuant to the Settlement Agreement and Release attached hereto as Exhibit "A" it Is Hereby Stipulated by and between the parties to this action and through their designated counsel that the above-captioned action be hereby dismissed with prejudice without any further hearing or notice pursuant to FRCP 41(a)(1), with each party to bear its own costs and attorney fees.

Dated: October 10, 2008        BAKER MANOCK & JENSEN, PC

　　　　　　　　　　　　　　　　 /s/ Charles K. Manock
　　　　　　　　　　　　　　　　Charles K. Manock, attorneys for
　　　　　　　　　　　　　　　　CROWN JEWEL OF NEW ENGLAND, LLC and
　　　　　　　　　　　　　　　　JEWEL MARKETING & AGRIBUSINESS, LLC

///

**STIPULATION AND ORDER**

1 | Dated: October 10, 2008        COLEMAN & HOROWITT, LLP

 /s/ Darryl J. Horowitt
Darryl J. Horowitt, attorneys for PETER LOMANNO

IT IS SO ORDERED.

Dated: October 20, 2008        /s/ OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Release") is entered into on October 8, 2008, between PETER LOMANNO, an individual ("Lomanno") and CROWN JEWELS OF NEW ENGLAND, LLC, a California Limited Liability Company ("CJNE"), and JEWEL MARKETING & AGRIBUSINESS, LLC, a California Limited Liability Company ("CJM") (collectively referred to herein as "Crown Jewels") (Lomanno and Crown Jewels are collectively the "Parties").

## RECITALS

A.  WHEREAS, Lomanno holds a 38 percent (38%) ownership interest in CNJE under the Restated Operating Agreement for Crown Jewels of New England, LLC, a California Limited Liability Company ("Restated Operating Agreement"), executed October 18, 2005.

B.  WHEREAS, Crown Jewels alleges, *inter alia*, that Lomanno failed to pay capital contributions, as required by the Restated Operating Agreement; that Lomanno knowingly and willfully provided grossly inflated and inaccurate revenue and business volume projections to Crown Jewels management in order to procure an improper capital distribution; that Lomanno negligently hired three employees, without preparing the appropriate business plan or projections to determine whether the salaries of these employees would render the Market Buy program unprofitable; that Lomanno engaged in inappropriate conduct at business meetings with customers and suppliers of Crown Jewels, resulting in a loss of business; and that Lomanno misappropriated Crown Jewels's customer lists and commodity/vender programs developed by Crown Jewels and has contacted Crown Jewels's customers for the purpose of soliciting business for the benefit of his new employer (the "Crown Jewels Claims");

C.  WHEREAS, Lomanno alleges, *inter alia*, that CJNE breached its employment agreement with Lomanno; improperly took steps to freeze Lomanno out of his ownership interest and benefits of ownership in CJNE; and undertook efforts to injure Lomanno's reputation and name in the fruit and produce industry (the "Lomanno Claims");

D.  WHEREAS, Crown Jewels filed a Petition For Order Compelling Arbitration of the Crown Jewels Claims against Lomanno in Fresno Superior Court Case No. 06 CECG03187 DSB (the "Fresno Action"), in which the court issued an order compelling arbitration;

E.  WHEREAS, all of the allegations by both parties above are pending resolution in arbitration before the American Arbitration Association, in AAA Case No. 74 116 000059 07 JOIB (the "Arbitration");

F.  WHEREAS, Crown Jewels filed a complaint against Lomanno, seeking, among other things, damages against Lomanno based upon the Crown Jewels Claims described above, in Fresno Superior Court, which case has been removed to the United States District Court for the Eastern District of California, in Case No. 1:08CV00556 (the "Federal Action");

G.  WHEREAS, the Parties desire to settle any and all matters in controversy between them.

4

**STIPULATION AND ORDER**

NOW, THEREFORE, in consideration for the promises and performances set forth, the parties agree that their claims and defenses as more fully described herein, be settled and compromised on the following terms and conditions:

1. <u>Lomanno's Ownership Interest in CJNE</u>.  Crown Jewels and Lomanno agree that Lomanno's ownership interest in CJNE terminated as of January 1, 2007.  Lomanno shall not receive any compensation whatsoever in exchange for his past ownership interest in CJNE.

2. <u>Release From Crown Jewels Liabilities</u>.  Crown Jewels shall release Lomanno of all personal liability for Crown Jewels' obligations.  Crown Jewels shall take all necessary steps to remove Lomanno as a responsible party on any and all Crown Jewels' obligations and debts.

3. <u>Attorneys' Fees and Costs</u>.  Each party shall bear its own attorneys' fees and costs related to the Claim and this settlement.

4. <u>Release</u>.  Except for the obligations provided for in this Release, each party hereto hereby releases, acquits, and forever discharges the other, and its respective owners, agents, attorneys, representatives, insurers, servants, predecessors, successors, heirs, executors, administrators, beneficiaries, employees, employers, principals, partners, shareholders, joint venturers, parents, subsidiaries, and affiliates, of and from any and all claims, actions, causes of action of any nature, and for all liabilities and obligations of every kind and character they now have (the "Claims") as against one another.  The parties waive the benefits of the provisions of Section 1542 of the Civil Code of the State of California, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known by him must have materially affected his settlement with the debtor."

Each of the parties understands and acknowledges the significance and consequence of waiving Section 1542 of the Civil Code of the State of California, hereby waives all similar laws to the same effect, and has discussed said waiver with their attorneys.  Each of the parties to this Release acknowledge that they have been represented by independent legal counsel of their own choice throughout all of the negotiations which preceded the execution of this Release, and that they have executed this Release after receiving the advice of such counsel and without reliance upon any promise or representation of any person or persons acting for or on behalf of any other party, except as expressly set forth in this Release.

5. <u>Warranty of Volitional Agreement</u>.  The parties hereto warrant and represent that this Release is freely and voluntarily executed by them after having been apprised of all of the relevant information.

6. <u>Warranty of Understanding</u>.  Each party warrants and represents that it/he/she has read this Release (or has had this Release read to him/her) and has had the terms used herein and the consequences hereof explained to it/him/her by its/his/her attorneys.  Each party expressly understands that the other parties admit no liability of any sort and have made no representations as to any liabilities or obligations and have made no agreements or promises to do or admit to do any act or thing not set forth herein.

7. <u>Warranty of Performance</u>.  Each party hereto agrees to promptly and as expeditiously as possible carry out and execute its responsibilities under the terms of this

Release and to execute any and all documents which may be necessary from time to time in the future to implement the terms of this Release.

8. <u>Warranty of Right</u>.  Each party warrants that no other person or entity has or had or claims to have had any interest in the claims, demands, causes of action, obligations, damages or liabilities described herein; that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand, cause of action, obligation, damage or liability covered herein.

9. <u>Binding Effect</u>.  This Release shall bind and inure to the benefit of all successors, assigns and heirs of the parties.

10. <u>Modification Must be in Writing</u>.  This Release may not be altered, amended or modified, except by writing executed by duly authorized representatives of all parties.

11. <u>Construction</u>.  Should any paragraph, clause or provision of this Release be construed to be against public policy or determined by a court of competent jurisdiction to be void, invalid or unenforceable, such construction and decision shall affect only those paragraphs, clauses or provisions so construed or interpreted, and shall in no way affect the remaining paragraphs, clauses or provisions of this Release which shall remain in force.

12. <u>Counterpart Signatures</u>.  The Release may be executed in two or more counterparts.

13. <u>Entire Agreement</u>.  This Release states the entire agreement among the parties and supersedes their prior agreements, negotiations or understandings.  Each of these parties acknowledges and agrees that no other party, nor agent, nor attorney of any of the parties made any promises, representation or warranty, express or implied, not set forth in this Release.

14. <u>Governing Law</u>.  This Release shall be construed and governed by the laws of the State of California, without regard to its conflict of laws provisions, and any action brought regarding this Release shall be brought in state or federal court in Fresno, California.

15. <u>Attorneys' Fees</u>.  The prevailing party, or parties, in any action or proceeding to interpret or enforce this Release, or any of its terms, shall be entitled, in addition to any judgment or award upon such action or proceeding, to an award for all costs and expenses (including costs of all legal or administrative proceedings or hearings) incurred by such prevailing party or parties, including, without limitation, all attorneys' fees and related costs incurred by such party in connection with such actions and proceedings and the enforcement of any such judgment or award and upon prevailing in any appeal relating thereto.

JEWEL MARKETING & AGRIBUSINESS, LLC

By <u>/S/ ROB MATHIAS</u>
Rob Mathias

CROWN JEWELS OF NEW ENGLAND

By <u>/S/ ROB MATHIAS</u>
Rob Mathias

*[signatures continued on the next page]*

*[signatures continued from the previous page]*

                                                By /S/ PETER LOMANNO
Peter Lomanno

APPROVED AS TO FORM:

BAKER MANOCK & JENSEN, PC


By /S/ CHARLES K. MANOCK
Charles K. Manock, attorneys for
CROWN JEWEL OF NEW ENGLAND, LLC and
JEWEL MARKETING & AGRIBUSINESS, LLC

COLEMAN & HOROWITT, LLP


By /S/ DARRYL J. HOROWITT
Darryl J. Horowitt, attorneys for
PETER LOMANNO

LAW OFFICE OF HERBERT STUART COHEN


By /S/ HERBERT S. COHEN
Herbert S. Cohen, attorneys for
PETER LOMANNO

PROOF OF SERVICE
CCP §§ 1011, 1013, 1013a, 2015.5
FRCP 5(b)

STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5260 North Palm Avenue, Suite 421, Fresno, California 93704-2209.

On **October 10, 1008**, I served the document described as **STIPULATION and ORDER** on the interested parties in this action ☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list: ☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Darryl J. Horowitt, Esq. | Mr. Herbert Stuart Cohen |
| Coleman & Horowitt, LLP. | Attorney at Law |
| 499 West Shaw, Suite 116 | 500 Commercial Street, Suite 4R |
| Fresno, California 93704 | Boston, Massachusetts 02109 |

☒ BY MAIL    ☐ I deposited such envelope in the mail at Fresno, California. The envelope was mailed with postage thereon fully prepaid.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Fresno, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

☐ (BY FAX) I caused the above-referenced document to be transmitted by fax to the addressee(s) at the fax number(s) shown.

☐ (BY OVERNIGHT COURIER) I caused the above-referenced envelope(s) to be delivered to an overnight courier service for delivery to the addressee(s).

Executed on **October 10, 2008**, at Fresno, California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Barbara Tippie                    _____/s/ BARBARA TIPPIE_____
                                            Signature

683556